UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Jose Villegas, on behalf of himself and all other persons similarly situated,<br><br>    Plaintiff,<br><br>  - vs. -<br><br>2645 Meat Corp. d/b/a Associated Supermarket and Anthony Fernandez,<br><br>    Defendants. | DOCKET NO. 16-cv-9111<br><br>**COMPLAINT** |

Plaintiff Jose Villegas, by and through his undersigned attorneys, for his complaint against defendants 2645 Meat Corp. d/b/a Associated Supermarket and Anthony Fernandez, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Jose Villegas alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants 2645 Meat Corp. d/b/a

Associated Supermarket and Anthony Fernandez, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Villegas further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiff Mr. Villegas is an adult individual residing in the Bronx, New York.

4. Mr. Villegas consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Defendant 2645 Meat Corp. d/b/a Associated Supermarket is a New York corporation with a principal place of business at 2645 Webster Ave., Bronx, New York.

6. Defendant 2645 Meat Corp. formerly did business as Fine Fare, but began doing business as Associated Supermarket in or about 2014.

7. At relevant times, defendant 2645 Meat Corp. d/b/a Associated Supermarket ("Associated") has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. At all relevant times, defendant Associated has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at relevant times herein, defendant Associated has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, at relevant times, defendant Associated has constituted an "enterprise" as defined in the FLSA.

11. Defendant Anthony Fernandez is an owner or part owner and principal of defendant Associated, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Upon information and belief, defendant Anthony Fernandez was involved in the day-to-day operations of defendant Associated and played an active role in managing the business.

13. Defendants constituted "employers" of Mr. Villegas as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Villegas's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Villegas's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 207, Mr. Villegas seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since November 3, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt retail employees within the

4

meaning of the FLSA, and who were not paid statutory overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Mr. Villegas in that they were employed by defendants as non-exempt retail employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19. Plaintiffs and the Collective Action Members perform or performed similar primary duties, and were subjected to the same policies and practices by defendants.

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

21. Since approximately February 2012, defendants owned and operated a supermarket in the Bronx that operated first under the name Fine Fare and then, commencing in about 2014, under the name Associated Supermarket.

22. Upon information and belief, the supermarket was operated by different ownership from before November 2011 through February 2012.

23. Mr. Villegas was employed at the supermarket from approximately November 2011 through September 2016.

24. Although Mr. Villegas had the inflated title of "manager," he had no managerial responsibilities. Instead, Mr. Villegas's primary duty was to keep the shelves of the supermarket stocked with product.

25. Specifically, when he saw that a particular product was running low in store inventory, he would place an order for more; he had no discretion in performing this job. Then he would accept deliveries from suppliers and physically place the products on the shelves.

26. Until approximately August 2016, Mr. Villegas performed his duties alone; at that time, Mr. Villegas's nephew began assisting him at the store because of an increased volume of business at the store.

27. At all relevant times herein, Mr. Villegas was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. Mr. Villegas worked six days per week for defendants. He generally worked 10 - 11 hours per day,

though he would have to work longer shifts several days per week if necessary.

29. As a result, Mr. Villegas regularly worked about 60 hours per week for defendants.

30. Defendants provided a hand scanner for employees, including Mr. Villegas, to track their time worked; however, Mr. Villegas was not paid an hourly rate.

31. Instead, Mr. Villegas was paid at a flat weekly rate, regardless of the exact number of hours he worked. He was paid $650 per week.

32. Mr. Villegas was paid in cash throughout his employment, and he received no paystubs or wage statements with his pay.

33. Defendants failed to pay Mr. Villegas any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

34. Defendants' failure to pay Mr. Villegas the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

35. Defendants failed to provide Mr. Villegas with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*,

7

defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

36. Defendants failed to provide Mr. Villegas with a weekly record of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

37. Upon information and belief, throughout the period of Mr. Villegas's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Villegas (the Collective Action Members) in positions at defendants' supermarket that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

38. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

39. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

40. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

41. Upon information and belief, while defendants employed Mr. Villegas, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

42. Upon information and belief, while defendants employed Mr. Villegas and through all relevant time periods, defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(Fair Labor Standards Act - Overtime)**

43. Mr. Villegas, on behalf of himself and all Collective Action Members, repeats, realleges, and

9

incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, defendants employed Mr. Villegas and the Collective Action Members within the meaning of the FLSA.

45. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to Mr. Villegas and the Collective Action Members for hours they worked in excess of forty hours per workweek.

46. As a result of defendants' willful failure to compensate their employees, including Mr. Villegas and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to defendants' FLSA violations, Mr. Villegas and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees,

and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

49. Mr. Villegas repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Mr. Villegas was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Mr. Villegas's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

52. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53. Due to defendants' New York Labor Law violations, Mr. Villegas is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

54. Mr. Villegas repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Mr. Villegas was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Mr. Villegas's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

57. Defendants willfully violated Mr. Villegas's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

58. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Mr. Villegas is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015

through the end of his employment, up to the maximum statutory damages.

59. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Villegas is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Villegas respectfully requests that this Court grant the following relief:

  a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Villegas and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for defendants' New York Labor Law violations;

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: November 3, 2016

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Associated Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Associated Supermarket y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
José Isidro Villegas Tochimoni

Date: October 28, 2016